IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE MORROW, *ET AL.*                                                                           PLAINTIFF

VERSUS                                                                          CIVIL ACTION NO. 1:70cv4716 WJG

JIM INGRAM, Commissioner of
Public Safety of Mississippi, *ET AL.*                                                   DEFENDANTS

O R D E R

        THIS CAUSE comes before the Court on motion [3] of Plaintiffs Willie Morrow, *et al.*, for an award of attorneys' fees and costs against Defendants Jim Ingram, *et al.*, in this matter. Under 42 U.S.C. § 1988, a prevailing party in a lawsuit to enforce of 42 U.S.C. §§ 1981, 1983, and 2000(d) may be awarded reasonable attorney's fees and expert fees, according to the plaintiffs. (*Id.*) Plaintiffs submitted a request for $13,035.00 in attorneys fees and $32,164.10 in costs, for a total claim of $45,199.10. (Ct. R., Doc. 3, pp. 20-21.)

        This fee request constitutes time spent in monitoring the implementation of the settlement agreement. According to Defendants, the fee request is excessive and should be reduced. (Ct. R., Doc. 12, p. 2.) Plaintiffs contend that "in the exercise of billing judgment, . . . all the travel time of attorneys and other staff" was excluded from the fee request. (Ct. R, Doc. 14, p. 2.) In addition Plaintiffs point out the following:

> The experts for Plaintiffs reviewed data from each component of the selection process, proposed changes to reverse adverse impact based upon race at every point in the process where African Americans disparately washed out of the process, and advised the Department and its expert of how to minimize disparate impact. the Department accepted the Plaintiffs' experts' advice and proposed

>changes and, indeed, the disparate impact decreased and the validity of the selection process was enhanced.

(Ct. R., Doc. 14, p. 3.)

In the alternative, if Plaintiffs are found to be prevailing parties, Defendants argue that the amount sought by Plaintiffs is unreasonable and should be reduced. (*Id*.) Defendants specifically object to the number of hours claimed by multiple counsel and to the low success level allegedly achieved by Plaintiffs in this case. (*Id*., p. 8.) The fee request lacks sufficient detail to allow the award sought by Plaintiffs. (*Id*.) The hours claimed should be reduced, according to Defendants, because there is duplication of hours claimed by attorneys, time sought by attorneys for clerical and paralegal work, lobbying activities, unsupported or inconsistent claims, conferences which lack justification, claims for travel time, and vague entries. (*Id*.)

Defendants also seek a stay of execution of any award against the State treasury until the first applicable regular session of the Legislature, to allow that body an opportunity to make appropriations to pay the judgment, with an inclusion of post judgment interest at the applicable federal rate from the date of the award until the award is satisfied by actual payment. (Ct. R., Doc. 12, p. 13.) The Court finds this to be a reasonable request and shall provide for these measures should an award be entered in this case.

Attorneys' fees are awarded only for those hours expended which are reasonably necessary to adequately prosecute the case, and should not be awarded for "excessive, redundant, or otherwise unnecessary" attorney hours. *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Plaintiffs seek compensation for work performed by Michael L. Foreman and billed at various hourly rates ranging from $225.00 per hour to $285.00 per hour in the amount of $8,393.50; for the work of Audrey Wiggins, in the

amount $1,461.50 with an hourly rate of $185 per hour; and for Toya Carmichael's work billed at $100 per hour for a total of $2,180.00. (Ct. R., Doc. 3, p. 20.)

In determining the appropriate figure for the attorneys' fees for performing legal work, the Court considered the skill, experience and reputation of the attorney, the difficulty of the question involved in this suit, and the prevailing rates for attorneys in the Southern District of Mississippi, and must "value the service according to the customary fee and quality of the legal work." *Shirley v. Chrysler First, Inc*., 763 F. Supp. 856, 857 (N.D. Miss. 1991). The Court is familiar with the prevailing hourly rates in the community, and finds that $200.00 per hour is a reasonable hourly rate for senior level attorneys, taking into consideration the attorneys' experience and the skill necessary to represent Defendants properly in this case. Accordingly, all fee requests in excess of this amount will be reduced to the applicable rate of $200.00 per hour. Any attorney seeking a rate lower than $200.00 will be compensated at the requested rate.

I.      Exercise of Billing Judgment

Billing judgment requires documentation of the hours charged and is usually shown by the attorney writing off unproductive, excessive, or redundant hours, and the remedy for failing to exercise billing judgment is for the Court to reduce the hours awarded by a percentage. *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002); *Walker v. HUD,* 99 F.3d 761, 770 (5th Cir. 1996). Initially, the Court will calculate the number of hours reasonably expended, then examine those hours for the exercise of billing judgment. The breakdown on the work performed by Foreman includes entries amounting to 36.40 hours spent on the case; Wiggins' claim for 7.9 hours spent on the case; and Carmichael's claim for 21.8 hours spent on the fee application for this case. (Ct. R., Doc. 3, p. 20.) "[T]he party seeking reimbursement of

attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990); *Walker v. City of Mesquite,* 313 F.3d 246, 251 (5th Cir. 2002). Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. *Walker,* 313 F.3d at 251. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. *Green*, 284 F.3d at 662. At all times, "the applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 436.

The Court may deduct or reduce hours when the supporting documentation for the hours claimed is "vague or incomplete." *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). As explained in *Kellstrom,* "[l]itigants take their chances" by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent, or when submitting "inadequately documented fee applications which provide little information from which to determine the reasonableness of the hours expended on tasks vaguely described or lumped together." *Walker v. HUD,* 99 F.3d 761, 773 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 327. Hours which are the result of a case being "overstaffed" are not hours which are reasonably expended and may be excluded from the lodestar calculation. *Hensley*, 461 U.S. at 434. When a party submits a fee application without proper documentation, the court has the discretion to

reduce the award to a reasonable amount.  *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 500-1 (5th Cir. 2001); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

II.     Type of Work Performed

It is also appropriate to distinguish between legal tasks that clearly require an attorney's skill, and other tasks such as investigation, clerical work, compilation of facts and statistics; work which often can be accomplished by non-lawyers but which a lawyer may do because he/she has no other help available, or simply because he/she wishes to perform a specific task.  "[The] dollar value [of work performed] is not enhanced just because a lawyer does it."  *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Walker*, 99 F.3d at 771.  Clerical work which does not require the skill of an attorney, but which an attorney nevertheless performs, may be compensated at a lesser rate than the attorney's customary hourly rate.  *Cruz v. Hauck,* 762 F.2d 1230, 1235 (5th Cir. 1985).  It is also reasonable to assume that a more experienced attorney will take less time to accomplish a routine task than it would take a novice attorney, so a reduction in time may be appropriate depending on the attorney's experience.  *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997).

Time spent on such tasks as letters to accompany motions for filing, review of lists and other routine matters should be compensated at the lesser rate as these are clerical duties that could have been handled by non-lawyers.  Work of this nature is generally allowed at the paralegal billing rate.  The Court found 1.2 hours listed in Foreman's fee application which qualify at work to be billed at the lesser paralegal rate of $75.00 per hour.  In addition, the Court

has reduced the number of hours spent in preparing the fee application by half, or by 10.9 hours.

The following reflects the adjusted hours and amounts awarded for each attorney:

| | |
|---|---|
| Forman: | |
| 35.20 hours @ $200.00 per hour: | $7,040.00 |
| 1.20 hours @ $75.00 per hour: | $    90.00 |
| | $7,130.00 |
| Wiggins: | |
| 7.90 hours @ $185.00 per hour: | $1,461.50 |
| | |
| Carmichael: | |
| 10.90 hours @ $100.00 per hours: | $1,090.00 |

The total attorney fee award allowed is $9,681.50. Further factors are discussed below.

III.   *Johnson* Factors

The Court also utilizes the factors outlined in *Johnson v. Georgia Highway Express, Inc.*[1], to determine if a fee request is reasonable. The *Johnson* factors include consideration of: (1) time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) is the fee fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson,* 488 F.2d at 717-19). The *Johnson* analysis need not be meticulously detailed, but must articulate and clearly apply the *Johnson* criteria. *Kellstrom,* 50 F.3d at 331; *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

---

[1] 488 F.2d 714 (5th Cir. 1974).

The Court has found that the difficulty and novelty of the matters in this case are minimal, and recognizes that these attorneys have the skills needed to effectively perform services to their clients.  The hourly rate determined by the Court is commiserate with the awards given to the other attorneys involved in these type of cases and is reflective of the level of experience necessary to participate in this type of case.  The time limitations and preclusion of other employment was not a major factor in determining the fee award in this case.  The Court is unable to assess the nature and length of any professional relationship these attorneys may have with these clients.  Nothing in these elements results in a change in the total listed above for the attorney fee award.

IV.     Costs

The "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007).  The Court shall consider these guidelines in determining the cost award.

   A.     Phone Calls

Expenses for local and long distance telephone calls are out-of-pocket expenses and are not taxable as costs. *Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 155 (S.D. Miss. 1994).  Costs that are considered overhead costs, or the normal expenses of doing business, are not reimbursable. *In re Bicoastal*, 121 B.R. 653, 656 (Bankr. M.D. Fla. 1990).  The Court has deducted $1.60 from the claimed cost figure, resulting in a revised allowable cost total of $943.05.  (Ct. R., Doc. 14, p. 5.)

B. <u>Expert Fees</u>

The Court has reviewed the documentation of the expert fees in this case. (Ct. R., Doc. 2-7, pp. 1-33; and 14-1, pp. 1-11.) There appears to be some discrepancy between the times recorded for the same activities as indicated in the attorneys' time records and that of the experts. The Court will exercise its discretion and reduce the total expert fee request by 10% to reflect the inadequate record keeping. *See Simi Inv. Co., v. Harris County, Tex.*, 236 F.3d 240, 256 n.22 (5th Cir. 2000), *reh'g denied en banc*, 256 F.3d 323 (5th Cir. 2001), and *cert. denied* 534 U.S. 1022. Each of the expert fee claims will be reduced to reflect this rate, and are otherwise allowed. After this adjustment, the allowed fee request for the experts is $28,946.25.

V. <u>Summary</u>

Following the deductions as outlined above, the fee award is as follows: attorneys fees totaling $9,681.50; costs totaling $943.05; and expert fees in the amount of $28,946.25. The total award for fees and costs is $39,570.80. The Court shall stay of execution of this award against the State treasury until the conclusion of the first applicable regular session of the Legislature for the entry of this Order, to allow that body an opportunity to make appropriations to pay the judgment, with an inclusion of post judgment interest at the applicable federal rate from the date of the award until the award is satisfied by actual payment. It is therefore;

ORDERED AND ADJUDGED that the Plaintiffs' motion [3] for an award of attorneys' fees and costs against Defendants, be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that Plaintiffs' be, and are hereby, awarded attorneys's fees and costs in the amount of $39,570.80, with post-judgment interest at the applicable federal

rate from the date of the entry of this Order until the award is satisfied by actual payment  It is further,

ORDERED AND ADJUDGED that execution of this award against the State treasury be stayed until the conclusion of the first applicable regular session of the Legislature following the entry of this Order, to allow that body an opportunity to make appropriations to pay the judgment,.  It is further,

ORDERED AND ADJUDGED that each party bear its respective costs associated with this motion.

SO ORDERED AND ADJUDGED, this the 1st day of March, 2011.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE